Dear Representative Waddell:
You have requested that this Office opine on whether the territorial jurisdiction of certain Caddo Justices of the Peace and Constables wards are diminished by the annexations of portions of those wards into the City of Shreveport. Additionally, you ask if the qualified electors in those portions of the wards annexed into the city would still be allowed to vote for a justice of the peace and constable as well as for a city court judge.
First, the general rule on this issue is found in La.R.S. 13:1872. Paragraph (A)(1) states in pertinent part:
A. (1) In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants, except in the city of Donaldsonville, the voters thereof shall elect a city judge, upon whose election the jurisdiction of justice of the peace and constable in that portion of the ward or wards in which the city is contained shall cease.
More specifically, La.R.S. 13:1952 (21) notes in pertinent part:
(21)(a) The city court of Shreveport, domiciled in the city of Shreveport, parish of Caddo, having four city judges and a city marshal. The court shall be divided into four divisions, which shall be designated as divisions "A", "B", "C", and "D". *Page 2 
(b) Effective January 1, 1998, judges shall be elected to the City Court of Shreveport from areas as provided in this Subparagraph. . .
(c) The territorial jurisdiction of the court shall extend over all territory within Caddo Parish which is now or hereafter included within the corporate limits of the city of Shreveport and throughout the fourth ward of Caddo Parish . . . Wherever the corporate limits of the city of Shreveport extend or hereafter extend into a justice of the peace ward, the city court shall have jurisdiction within that portion of the justice of the peace ward included within the corporate limits concurrent with that of the justice of the peace in those cases in which the justice of the peace would have jurisdiction, and that portion of the justice of the peace ward not included within the corporate limits shall remain under the jurisdiction of the justice of the peace.
At first blush, it would appear that the answer to your questions would be, 1) yes, the territorial jurisdiction of certain Caddo Justices of the Peace and Constables wards would be diminished by the annexations of portions of those wards into the City of Shreveport., and 2) no, qualified electors in those portions of the wards annexed into the city would be allowed to vote only for a city court judge.
However, the Voting Rights Act of 1965 and case law interpreting its provisions also bear on the issues you have raised and would dictate a different conclusion. A federal court decision in 1997 suggests that the territorial jurisdiction of certain Caddo Justices of the Peace and Constables wards are not diminished by the annexations of portions of those wards into the City of Shreveport, and the qualified electors in those portions of the wards annexed into the city would still be allowed to vote for a justice of the peace and constable as well as for a city court judge.
In USA v. State of Louisiana, et al, 952 F. Supp. 1151 (W.D. La. 1997), the United States Department of Justice filed suit against the State of Louisiana; City of Shreveport; Shreveport City Court; Robert W. Williams, in his official capacity as Mayor of the City of Shreveport; Virginia Hester, in her official capacity as the Clerk of Shreveport city court; Ernest Roberson, in his official capacity as Registrar of Voters of Caddo Parish; and William T. Johnson, in his official capacity as the Registrar of Voters of Bossier Parish, when it discovered that the city of Shreveport had some 300-plus annexations dating back to 1976 which did not received § 5 Pre-clearance under the Voting Rights Act of 1965. *Page 3 
In 1989, the Justice Department discovered that the elections to the Shreveport City Court included the annexed territories the Justice Department had earlier precleared for the Shreveport City Council. On January 3, 1989, the State, on behalf of the City, submitted for review Act No. 15 (1970), which created a third judicial position for the Shreveport City Court (Division C). On July 17, 1989, the State submitted for § 5 review Louisiana Act No. 6 (1968), which provided for the expansion of the boundaries of the Shreveport City Court to include annexations to the corporate limits of Shreveport.
The court enjoined the City of Shreveport from further administering or implementing any changes concerning the election of Shreveport City Court to the extent that such implementation or administration includes unprecleared annexations to the Shreveport City Court boundaries and electorate to which the Attorney General has interposed a timely objection.
In ruling that the United States has made a sufficient showing that an injunction should issue, the court wrote, 952 F. Supp. At 1173-1174:
Since 1989, the City and State have known that the City Court annexations had to be precleared before elections under the new election scheme would be satisfactory to federal officials. Moreover, in 1994, the Attorney General interposed a timely objection to the City Court annexations, and it was at that point that the State asserted, for the first time, its new position that preclearance was not needed because, in the State's eyes, it had already obtained preclearance in the 1970s. In view of the case law in this area, the City's and State's positions were unreasonable.
 * * *
After careful consideration of the circumstances surrounding the City Court "elections" as well as the policies underlying § 5 injunctive relief, we grant the relief requested by the United States. The Supreme Court has said that an appropriate remedy for a § 5 violation is to order the violating jurisdiction to seek a declaratory judgment in the District Court for the District of Columbia. See Hathorn v. Lovorn, 457 U.S. at 270 n. 24, 102 S.Ct. at 2430 n. 24. Because Congress intended § 5 approval to come by way of administrative or judicial preclearance and because the Attorney general declined to administratively preclear the City Court annexations, we have ordered the City and State to seek judicial preclearance by filing a declaratory judgment action with the District Court for the District of Columbia within 45 days of the entry of the Order in this case (December 20, 1996). As such, we enjoin *Page 4 
Louisiana's Secretary of State from issuing the "elected" City Court judges their commissions for a new six-year term.
In researching the court records in the United States District Court for the Western District of Louisiana and the District Court for the District of Columbia, no declaratory judgment action was filed within 45 days of the entry of the Order, nor is there any record of a declaratory judgment action ever being filed in this case seeking judicial preclearance for the 300-plus annexations that have not received § 5 administrative preclearance from the Attorney General.
Therefore, according to the ruling in the above-cited case, the territorial jurisdiction of certain Caddo Justices of the Peace and Constables wards are not diminished by the annexations of portions of those wards into the City of Shreveport and qualified electors in those portions of the wards annexed into the city would still be allowed to vote for a justice of the peace and constable as well as for a city court judge.
Please contact our office if we can be of further assistance.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
JDC/WPB, III/jv